[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13470
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60073-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND ODIGIE UADIALE,
a.k.a. Mike Roland,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 15, 2019)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Raymond Uadiale appeals his 18-month sentence, which the district court imposed after he pled guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  On appeal, he argues that his sentence is procedurally and substantively unreasonable and that the district court erred in applying a two-level sophisticated laundering enhancement under U.S.S.G. § 2S1.1(b)(3) and denying his request for a downward variance.  In response, the government contends that Uadiale's appeal is barred by the sentence-appeal waiver in his plea agreement.  After careful review, we agree and dismiss this appeal.

Uadiale pled guilty pursuant to a plea agreement.  As part of that agreement, he executed a sentence appeal waiver, in which he agreed to waive his right to appeal any sentence imposed, or the manner in which the sentence was imposed, unless the sentence imposed was (1) in excess of the statutory maximum, or (2) the result of an upward departure or variance from the advisory guideline range calculated by the district court at sentencing.  The waiver also provided that, if the government appealed, Uadiale would be released from the waiver.  At the change-of-plea hearing, the district court expressly addressed the appeal waiver and its limited exceptions.  Uadiale confirmed that he understood both the waiver and the exceptions.  After the district court accepted Uadiale's guilty plea, it sentenced him to 18 months' imprisonment, the bottom of the applicable guidelines range, and 3 years' supervised release.

2

"We review the validity of a sentence appeal waiver *de novo*." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We will enforce a sentence appeal waiver if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy, or (2) the record makes clear that "the defendant otherwise understood the full significance of the waiver." *Id.* at 1351. The district court must clearly convey to the defendant the circumstances under which he is giving up the right to appeal. *See id.* at 1352-53. "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). However, we have noted that "[i]n extreme instances—for instance, if the district court had sentenced [the defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver." *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999). Nonetheless, "[w]e have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). We apply "a strong presumption that [a defendant's] statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

3

We conclude that Uadiale knowingly and voluntarily waived his right to appeal his sentence. *See Johnson*, 541 F.3d at 1066; *Bushert*, 997 F.2d at 1350. Uadiale signed the plea agreement containing the sentence-appeal waiver, and the district court fully informed him about the waiver and its exceptions, after which Uadiale confirmed that he understood and agreed to the waiver and its exceptions. *See Bushert*, 997 F.2d at 1352-53. We apply a strong presumption that Uadiale's statements were true. *See Medlock*, 12 F.3d at 187.

Further, none of the exceptions to the waiver were satisfied here. Uadiale's 18-month sentence and 3-year term of supervised release were not an upward departure or variance above his guideline range, his sentence does not exceed the statutory maximum sentence of 20 years' imprisonment, and the government has not appealed. Lastly, Uadiale's 18-month sentence, imposed within his advisory guideline range, does not constitute the type of extreme due process violation that would necessitate review despite his valid appeal waiver. *See Howle*, 166 F.3d at 1169 n.5.

Uadiale's sentencing challenges are barred by his valid appeal waiver; we therefore dismiss his appeal.

**DISMISSED.**